IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY WAYNE GREEN (#14014683), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-1396-D-BN |
| STUART JENKINS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil rights action brought by Billy Wayne Green, a Texas inmate appearing *pro se*, against employees of the Texas Department of Criminal Justice, Pardons and Paroles Division. Plaintiff claims that Defendants failed to follow legislative policy when they issued a parole violator warrant that resulted in his arrest on March 14, 2014. *See* Dkt. No. 3 at 2. Plaintiff alleges that the warrant was issued because he was previously arrested for "investigation of family violence." *See id.* at 4. He argues that he was never charged with the offense and therefore did not violate his parole. *See id.* Plaintiff further claims that, as a direct result of his unlawful arrest and confinement, he was assaulted by deputies at the Dallas County Jail. *See id.* at 6.

By this lawsuit, Plaintiff seeks $1 million in monetary damages from each of the named Defendants. *See id.* at 9-10. He also seeks release from custody. *See id.* at 10.

Plaintiff has filed a motion for leave to proceed *in forma pauperis. See* Dkt. No. 5. The undersigned now concludes that Plaintiff should not be allowed to proceed *in forma pauperis* because, while incarcerated, he has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim and he is not "under imminent danger of serious physical injury." Therefore, this action should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton*

*Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

Plaintiff has filed at least three civil actions while incarcerated that were dismissed as frivolous or for failure to state a claim. *See Green v. Boutwell*, No. 1:92-CV-256 (W.D. Tex. May 10, 1993) (dismissing for failure to state a claim); *Green v. Collins*. No. 9:93-cv-42 (E.D. Tex. Aug. 12, 1994) (dismissing claims against three defendants as frivolous; appeal dismissed for want of prosecution); *Green v. Scott*, No. 3:94-cv-470 (S.D. Tex. Aug. 7, 1997) (dismissing case as frivolous; appeal dismissed for want of prosecution); *Green v. Massey*, No. 5:03-cv-1006 (W.D. Tex. April 9, 2004) (finding Plaintiff barred from proceeding *in forma pauperis* under the three strikes rule of 28 U.S.C. § 1915(g) and dismissing case for want of prosecution, as frivolous, and for failure to state a claim; appeal dismissed for want of prosecution). He has made no showing that he is under imminent danger of serious physical injury. Accordingly, Plaintiff should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

Plaintiff's complaint should be dismissed as barred by the three strikes provision of 28 U.S.C. § 1915(g). This dismissal should be without prejudice to Plaintiff's right to reopen the case if he pays the $350.00 filing fee and the $50.00 administrative fee within thirty days of dismissal.

To the extent, if any, that Plaintiff raises claims cognizable in a petition for writ of habeas corpus, such claims should be dismissed without prejudice. Plaintiff is hereby put on notice that there is a one-year statute of limitations applicable to a federal habeas action filed under 28 U.S.C. § 2254. *See* 28 U.S.C. §§ 2244(d).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 24, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE